11274

## STATE v. AMERICAN AGRICULTURAL CHEMICAL CO.

### (118 S. E., 535)

FISH—INSTRUCTION THAT CAUSING POISONOUS SUBSTANCE TO FLOW INTO BRANCH EMPTYING INTO RIVER IS OFFENSE HELD NOT ERROR.—Under Cr. Code, 1912, § 772, an instruction that, if Monkey Spring branch flowed into the Congaree River, defendant would be liable for causing poisonous substance to flow into it that would kill the fish, *held* not error.

Before Townsend, J., Lexington, September, 1922. Affirmed.

The American Agricultural Chemical Co. was convicted of emptying a substance in a stream poisonous to fish, and it appeals.

*Messrs. Lyles & Lyles,* for appellant, cite: *History of Sec.* 722, Crim. Code., 1912; Act, 1776; Act, 1871; Rev. Stat., 1863, 400; Gen. Stats., 1881–2, Sec., 1671; Crim. Code., 1902, Sec., 519. *Rights of riparian owner in small streams:* 34 L. R. A. (N. S.), 286; 16 Am. Dec., 334; 92 Am. Dec., 146; 58 A. S. R., 185.

*Mr. T. C. Callison, Solicitor,* for the State.

July 18, 1923.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

This is the second appeal in the case. 118 S. C., 333; 110 S. E., 800. The defendant was convicted and sentenced and appealed, and by seven exceptions alleged error in refusing to direct a verdict in favor of defendant as asked for, as to the charge of his Honor in refusing a motion for a new trial and in not granting a new trial as asked for on the ground of after-discovered evidence.

Section 772 of Criminal Code 1912 is very sweeping and refers to "any of the creeks, streams or inland waters of the State," and forbids "any person or persons" to cause

to flow into, or be cast into, any of the creeks, streams or inland waters of this State, any impurities that are poisonous to fish or destructive to their spawn, shall upon conviction be punished, etc.

His Honor, under the act, committed no error in his charge to the jury that if Monkey Spring branch flowed into the Congaree River it would make the defendant liable for causing poisonous substance to flow into the branch that would kill the fish in that stream.

We do not see any error in any particular on the part of his Honor as complained of, and under the section referred to, and the facts as proven, we do not see how defendant could escape conviction.

All exceptions are overruled, and judgment affirmed.

MESSRS. JUSTICES FRASER, COTHRAN and MARION concur.

MR. CHIEF JUSTICE GARY did not participate.